STURDEVANT, A MINOR, APPELLANT, *v.* YOUNGSTOWN DISTRICT
GIRL SCOUT COUNCIL, INC., APPELLEE.

(No. 4247—Decided October 23, 1962.)

*Mr. William A. Gemma*, for appellant.
*Mr. Chester Beard*, for appellee.

*Per Curiam.* The plaintiff's amended petition states a cause of action for a beneficiary against an eleemosynary institution other than a hospital, alleging carelessness and negligence in the selection of employees, managers or maintenance agent or agents who permitted the railing, the collapse of which caused the accident, to become old, rotten, ruinous and defective.

The defendant, Youngstown District Girl Scout Council, Incorporated, answered, alleging possession of the premises pursuant to a lease from the owners of the premises, The Mahoning Valley Council, Boy Scouts of America, Incorporated, and that under the lease the responsibility for the control and maintenance of the outside stairway where the injury occurred was in no way the responsibility of defendant.

The answer stated that defendant is an eleemosynary insti-

490

tution, and further denied generally the amended petition's allegations.

Thereafter, defendant filed a motion for summary judgment and the affidavit of an officer of the defendant stating that defendant had no employees of any kind whose duty it was to repair or maintain, clean or look after the premises where the accident occurred, and that this was all done by the owner of the premises.

At the hearing on the motion the trial court and counsel for the parties determined that the defendant was an eleemosynary institution and that plaintiff was a beneficiary. It was agreed that, under *Gibbon, Admr.*, v. *Young Women's Christian Assn. of Hamilton*, 170 Ohio St., 280, liability could be predicated only upon negligent selection or retention of an employee.

Plaintiff argued, then and here, that the existence of the defective condition inferred negligent selection and retention of such employee, and that plaintiff should be given opportunity to examine defendant's officers and employees at trial for the purpose of discovery and development of evidence on this issue.

The trial court, however, granted summary judgment on the basis that no opposing affidavit in response to that of defendant was filed setting forth specific facts showing a genuine factual issue for trial, as is required under Section 2311.041 (D), Revised Code, and no affidavit opposing the motion for summary judgment, as required by Section 2311.041 (E), Revised Code, was filed, with request of such opposing party for continuance.

In the absence of such response by affidavits and requests, and in this highly unusual negligence pleading situation, the trial court properly granted the motion for summary judgment.

Our review of the pleadings, depositions, admission and affidavits shows that reasonable minds can come to but one conclusion, and that is adverse to the party against whom the motion for summary judgment was made.

*Judgment affirmed.*

BROWN (PAUL), DONAHUE and BROWN (WILLIAM), JJ., concur.

BROWN (WILLIAM), J., of the Fourth Appellate District, sitting by designation in the Seventh Appellate District.